IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Curtis Q. Owens, #184674, ) | C/A No. 0:09-1773-TLW-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Tim Riley, TRCI Warden; Gary Lane, Assoc. ) | |
| Warden; James Bates, Lt. SMU; Jerry ) | |
| Alexander, Capt. SMU; Henery McMasters, ) | |
| Attny Gen.; Paul Brewton, Maj. & SLED ) | |
| agent; Jon Ozmint, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Curtis Q. Owens ("Owens"), a self-represented state prisoner, filed this civil rights action pursuant to 42 U.S.C. § 1983 against the defendants, including certain employees or officials of the South Carolina Department of Corrections ("SCDC") and the State Law Enforcement Division ("SLED"), as well as the Attorney General of the State of South Carolina. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion for summary judgment. (Docket Entry 52.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Owens of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (Docket Entry 53.) Owens filed a response in opposition to the defendants' motion. (Docket Entry 60.) The defendants filed a reply. (Docket Entry 62.) Additionally, Owens filed a motion for declaratory judgment (Docket Entry 30) and a motion for default judgment (Docket Entry 74). The defendants filed a response in opposition to Owens's motion for a declaratory judgment (Docket Entry 35) and Owens filed a reply (Docket Entry 36).

Having carefully reviewed the parties' submissions, the court finds that the defendants' motion should be granted and Owens's motions should be denied.[1]

**BACKGROUND**

Owens's claims in this action appear to stem from events that occurred while he was housed at Tyger River Correctional Institution. Liberally construed, Owens's Complaint appears to assert claims based on a denial of access to the courts; use of excessive force; cruel and unusual punishment; and "sexual harassment." (Compl., Docket Entry 1.)

Owens asserts that he "exposed" Defendant Bates to other inmates as a bisexual. He complains that Bates makes sexual gestures and innuendos for "eye rape, wreckless eyeballing" toward him. He further contends that Bates has retaliated against him by denying him access to the courts via tampering with Owens's mail and denying him pens, paper, and legal forms. (Compl., Docket Entry 1 at 18.) Further, Owens alleges that on February 19, 2009, Bates sprayed Owens with chemical munitions when Owens refused to remove his boxer shorts when Bates came to "strip [him] out." (Compl., Docket Entry 1 at 14-15.) He contends that when he complained to an internal

---

[1] Owens has several other pending matters before the assigned magistrate judge and, in one of those cases, filed a motion to recuse. (Owens v. Jefferson, et al., C/A No. 0:09-2888-TLW, Docket Entry 57.) Although he did not file the motion in this case, he requests in his motion filed in C/A No. 0:09-2888-TLW that the undersigned be removed "from all pendant actions." (Id., Docket Entry 57 at 9.) To the extent that this request can be construed to have been made in the instant case, the court finds that it must be denied, as Owens's request is wholly based on his dissatisfaction with the court's rulings in his cases, a patently insufficient ground for disqualification under applicable law. See 28 U.S.C. § 455; Liteky v. United States, 510 U.S. 540, 541 (1994) ("[J]udicial rulings alone almost never constitute valid basis for a bias or partiality recusal motion."); Lindsey v. City of Beaufort, 911 F. Supp. 962, 967-68 (D.S.C. 1995) (stating that a "motion to recuse may not be predicated on the judge's rulings in the instant case or in related cases, nor on a demonstrated tendency to rule in any particular way, nor on a particular judicial leaning or attitude derived from his or her experience on the bench.").



affairs investigator, Bates retaliated against him by again spraying him with chemical munitions. (Id. at 17.)

Owens further alleges that on March 4, 2009, he was placed in a cell naked and denied a mattress, sheets, blanket, hygiene items, and adequate amounts of food. He claims that he was thus "tortured" for over 100 days and lost 52 pounds during that period. Although he does not identify any defendant as participating in this alleged conduct, he claims that he sustained this treatment in retaliation for calling Defendants Bates, Lane, and Riley names. Owens seeks monetary damages and injunctive relief.

**DISCUSSION**

**A.      Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.



The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.      Exhaustion of Administrative Remedies**

As an initial matter, the defendants assert that Owens has not exhausted his available administrative remedies with regard to the claims he asserts in this action as required by the Prison Litigation Reform Act, specifically 42 U.S.C. § 1997e(a). Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 524 (2002). To satisfy this requirement, a plaintiff must avail himself of every level of available administrative review. See Booth v. Churner, 532 U.S. 731 (2001). Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so *properly*." Woodford



v. Ngo, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original)). Thus, "it is the prison's requirements, and not the [Prison Litigation Reform Act], that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). The defendants have the burden of establishing that a plaintiff failed to exhaust his administrative remedies. Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005).

Here, although Owens contends in his Complaint that he has filed grievances regarding the matters asserted here, the defendants have presented affidavits and other evidence showing that Owens has not properly completed the administrative grievance process with regard to any of his claims. Pursuant to SCDC policy, following seeking informal resolution, an inmate may file a "Step 1 Grievance" and submit it to the designated prison employee. If the Step 1 Grievance is denied, the inmate may appeal to the Division Director of Operations via a "Step 2 Grievance." The defendants have introduced evidence showing that Owens did not properly follow this process. (See Coleman Aff., Docket Entry 52-2; Inmate Grievance Application Print-out, Docket Entry 52-3.)

In response, Owens does not refute the defendants' evidence that he has not properly exhausted his claims; rather, he appears to argue that SCDC grievance policy is not actually "available" or "effective" as required by § 1997e(a) and therefore, he was not required to exhaust his remedies. (Docket Entry 60 at 7-8.) However, Owens provides no support for this conclusory allegation. See Malik v. Ward, C/A No. 8:08-cv-01886-RBH, 2010 WL 936777, *2 (D.S.C. Mar. 16, 2010) (stating that pursuant to § 1997e(a), "before a prisoner may proceed with his claims in a federal court, he must first properly exhaust his administrative remedies available through the SCDC grievance policy/process"). Further, Owens has not presented any evidence remotely suggesting that

the defendants prevented him in any manner from filing grievances.  Cf. Hill v. Haynes, No. 08-7244, 2010 WL 2182477 (4th Cir. June 2, 2010) (unpublished).

Therefore, based on the evidence presented by the defendants, which has not been refuted by Owens, the court finds that Owens's claims have not been properly exhausted pursuant to 42 U.S.C. § 1997e(a) and should therefore be dismissed.

**C.     Respondeat Superior Liability**

Even if Owens had properly exhausted his administrative remedies with regard to the claims asserted here, all of the defendants except for Defendant Bates would be entitled to summary judgment because Owens has failed to allege any personal participation by those defendants in the constitutional violations he asserts.  The doctrine of respondeat superior cannot support liability under § 1983.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-94 (1978).  The law is clear that personal participation of a defendant is a necessary element of a § 1983 claim against a government official in his individual capacity.  See Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001).  "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009).  Mere knowledge is not sufficient to establish personal participation.  Id.

**D.     Remaining Grounds**

Although the defendants assert additional grounds in support of their motion, the court concludes that they are either not adequately supported or are without merit.  Accordingly, the court does not recommend summary judgment based on those arguments.

### E. Owens's Motions

Owens has moved for a declaratory judgment based solely on his assertion that the defendants have violated his constitutional rights. In light of court's recommendation on the defendants' motion for summary judgment, this motion (Docket Entry 30) should be denied. Further, Owens has moved for a default judgment (Docket Entry 74) based on the defendants' alleged failure to respond to his discovery requests; however, such failure does not constitute grounds for a default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure and should also be denied.

### RECOMMENDATION

Owens has failed to properly exhaust his administrative remedies with regard to the claims asserted in his Complaint. Accordingly, the court recommends that the defendants' motion (Docket Entry 52) be granted. The court further recommends that Owens's motions (Docket Entries 30 & 74) be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 29, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).